UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

139 W. MARION AVE, LLC,

    Plaintiff,

v.                          Case No: 2:18-cv-278-FtM-29MRM

SCOTTSDALE INSURANCE COMPANY,

    Defendant.

**OPINION AND ORDER**

This matter comes before the Court on defendant's Motion to Compel Appraisal and to Stay litigation and to Delineate and Itemize Appraisal Award (Doc. #19) filed on June 8, 2018. Plaintiff filed a Response (Doc. #21) on June 22, 2018, to which defendant filed a Reply (Doc. #24) on July 9, 2018. For the reasons set forth below, the Motion is granted.

**I.**

Plaintiff, 139 W. Marion Ave, LLC, originally filed this action on April 18, 2018 in the Circuit Court for the Twentieth Judicial Circuit in and for Charlotte County, Florida. (Doc. #2.) Defendant, Scottsdale Insurance Company ("Scottsdale") removed the matter to this Court on April 25, 2018 pursuant to 28 U.S.C. §§ 1332 and 1446. (Doc. #1.) Plaintiff alleges one count for breach of contract (Doc. #2) with respect to a commercial insurance policy, Policy No. CPS2715741, issued by Scottsdale (the "Policy")

(Doc. #2-1).  Scottsdale filed a Motion to Compel Appraisal and to Stay litigation and to Delineate and Itemize Appraisal Award (Doc. #19) on June 8, 2018.

At all times relevant, plaintiff owned property located at 139 W. Marion Ave., Punta Gorda, Florida 33950 (the "Property"), which was covered by the Policy issued by defendant. (Doc. #2, ¶¶ 2-3, 6-7.)  On September 10, 2017, plaintiff discovered damage to the property incurred as a result of Hurricane Irma and submitted a claim to defendant.  (Id. ¶¶ 7-8).  Although defendant accepted coverage for the loss, the parties dispute the extent and valuation of the covered damages. (Id. ¶¶ 9, 13, 16.)  Plaintiff claims that defendant breached the Policy by failing to pay the loss in full, causing it damages. (Id. ¶ 14.)

It does not appear that Scottsdale has previously sent plaintiff a demand for appraisal, other than the filing of the instant Motion to Compel.  Scottsdale believes that it is entitled to appraisal because it is invoking its right to an appraisal under the "Appraisal" clause of the Policy and under Florida law[1] an appraiser may determine the value of the loss so the parties can then allow the Court to resolve the coverage issues.

The Policy's Appraisal clause provides:

---

[1] In this diversity case, the Court applies Florida substantive law.

**E. Loss Conditions**

. . .

**2. Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser. The two appraisers will select an umpire. If they cannot agree, either may request that selection be made by a judge of a court having jurisdiction. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. A decision agreed to by any two will be binding. Each party will:

**a.** Pay its chosen appraiser; and

**b.** Bear the other expenses of the appraisal and umpire equally.

(Doc. #2-1, p. 64.)

Plaintiff objects to an appraisal, arguing that because Scottsdale is in material breach of the Policy for its failure to pay the full amount of the loss, Scottsdale has waived its right to appraisal. (Doc. #21, ¶ 5.) Plaintiff also argues that defendant waived its right to appraisal by failing to invoke the option for ten months. (Id. ¶ 6.)

## II.

**A. Appraisal Right**

Under Florida law, a dispute regarding a policy's coverage for a loss is exclusively a judicial question. Gonzalez v. Am.

Sec. Ins. Co., No. 8:15-cv-1515-36EAJ, 2015 WL 12852303, at *4 (M.D. Fla. Nov. 10, 2015) (citations omitted). However, when an insurer acknowledges that there is a covered loss, any dispute regarding the amount of such loss is appropriate for appraisal. Id. (citations omitted); Freeman v. Am. Integrity Ins. Co. of Fla., 180 So. 3d 1203, 1208 (Fla. 1st DCA 2015). "Notably, in evaluating the amount of loss, an appraiser is necessarily tasked with determining both the *extent* of covered damage and the *amount* to be paid for repairs." Cincinnati Ins. Co. v. Cannon Ranch Partners, Inc., 162 So. 3d 140, 143 (Fla. 2d DCA 2014) (emphasis in original). Thus, the question of what repairs are needed to restore a property is a question relating to the amount of loss and not coverage.

Scottsdale has stated that damages caused by Hurricane Irma are covered but disputes the amount of damage. On the other hand, plaintiff believes that the damage caused by Hurricane Irma is much more extensive. Thus, because there is no dispute between the parties that the cause of at least some of the damage to the Property is covered under the Policy, the remaining dispute concerning the scope of the damage is not exclusively a judicial decision and may be appropriate for appraisal.

**B. Waiver**

Plaintiff contends that Scottsdale waived its right to an appraisal when it breached the Policy and failed to invoke the

appraisal provision for ten months. (Doc. #21.)

"A waiver of the right to seek appraisal occurs when the party seeking appraisal actively participates in a lawsuit or engages in conduct inconsistent with the right to appraisal." Fla. Ins. Guar. Ass'n v. Rodriguez, 153 So. 3d 301, 303 (Fla. 5th DCA 2014) (citing Fla. Ins. Guar. Ass'n v. Branco, 148 So. 3d 488, 493 (Fla. 5th DCA 2014)). "[T]he primary focus is whether [the insureds] acted inconsistently with their appraisal rights." Id. (alteration in original) (quoting Branco, 148 So. 3d at 494).

On the facts of this case the Court does not find waiver. First, plaintiff provides the Court with no legal authority to support its argument that an alleged breach by an insurer of the terms of the Policy is a basis for wavier of an appraisal right. Nor has plaintiff provided the Court with any specific facts or Policy terms and conditions that Scottsdale breached which would impair its right to an appraisal under the Policy. Because Scottsdale clearly disputes that it breached the terms of the Policy and plaintiff does not argue that the Policy contains any conditions precedent that are a prerequisite to demanding appraisal, plaintiff's first argument in support of waiver fails.

Second, the ten-month delay in this case does not constitute a waiver. The appraisal clause does not require invocation prior to suit and Scottsdale filed its Motion to Compel on June 8, 2018, approximately six weeks after removing the case. See, e.g., Am.

Capital Assur. Corp. v. Courtney Meadows Apartment, L.L.P., 36 So. 3d 704, 707 (Fla. 1st DCA 2010) (indicating appraisal demand was timely as policy did not contain any language to invoke appraisal within set time from receiving or waiving sworn proof of loss); Fla. Ins. Guar. Ass'n v. Castilla, 18 So. 3d 703, 703-05 (Fla. 4th DCA 2009); (explaining appraisal clause may be invoked for first time after litigation has commenced and concluding that party did not act inconsistently with right to appraisal by participating in suit); Gonzalez v. State Farm Fire & Cas. Co., 805 So. 2d 814, 818 (Fla. 3d DCA 2000) (finding no waiver where motion to compel appraisal was made within thirty days of filing the lawsuit). Cf. Shoma Dev. Corp. v. Rodriguez, 730 So. 2d 838 (Fla. 3d DCA 1999) (finding waiver where parties had engaged in litigation and discovery for seven months before invoking the arbitration clause). Moreover, the facts as set forth by the parties show that Scottsdale was working on the claim throughout the time period that plaintiff alleges inactivity and the Court finds that Scottsdale has not extensively litigated this case.

Appraisal is appropriate here given that Scottsdale has admitted that at least some of the loss is covered by the Policy but disputes the amount of its liability. "'[W]hen the insurer admits that there *is* a covered loss, any dispute on the amount of loss suffered is appropriate for appraisal.'" Fla. Ins. Guar. Ass'n v. Lustre, No. 2D13-5780, 2015 WL 1874445 (Fla. 2d DCA Apr.

24, 2015) (emphasis in original) (quoting Cannon Ranch Partners, Inc., 162 So. 3d at 143).  Accordingly, the appraisal requested by Scottsdale is both mandated by the Policy and appropriate under the facts of the case.  The case will be stayed while the appraisal is obtained.

**C. Itemized and Delineated Appraisal**

Scottsdale requests that the Court direct the appraisers to prepare a line itemization of damages and delineation of scope in the appraisal award as there are remaining coverage issues to be decided by the Court. (Doc. #19, pp. 5-6.)  Plaintiffs did not state a position as to Scottsdale's request for a delineated appraisal. (Doc. #21.)

A detailed line-item appraisal has been found to streamline the litigation process because an appraiser assigns a value for a particular type of damage, which allows the Court to more easily assess coverage disputes.  Bonafonte v. Lexington Ins. Co., No. 08-cv-21062-CIV, 2008 WL 2705437, *2 (S.D. Fla. July 9, 2008). See also Fla. Ins. Guar. Ass'n, Inc. v. Olympus Ass'n, Inc., 34 So. 3d 791, 796 n. 1 (Fla. 4th DCA 2010) (approving the use of a line-item appraisal form, which allows the court to "readily identify any coverage issues that arise during the course of the appraisal and resolve these without having to try and decipher what value the appraiser assigned for a particular type of damage" (quoting Bonafonte, 2008 WL 2705437 at *2)).  The Court agrees

that such an approach could streamline coverage issues and seeing no objection from plaintiffs, the Court approves the use of a line-item appraisal.

Accordingly, it is hereby

**ORDERED:**

1. Defendant's Motion to Compel Appraisal and to Stay Litigation and to Delineate and Itemize Appraisal Award (Doc. #19) is **GRANTED**. The Court compels appraisal and will stay the case. The parties shall cooperate in expeditiously obtaining an appraisal in the manner proscribed by the appraisal clause of the subject insurance policy, and this case is **STAYED** pending further notification by the parties that the stay is due to be lifted.

2. The parties shall file a status report on or before **November 16, 2018** if the appraisal is not complete or a notification has not been filed by this date.

3. The Clerk shall terminate all deadlines, administratively close the case, and add a stay flag to the docket.

**DONE and ORDERED** at Fort Myers, Florida, this _16th_ day of August, 2018.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record